Slip Op. 16-75

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **FEDMET RESOURCES CORPORATION**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant. | Before: Timothy C. Stanceu, Chief Judge <br><br> Court No. 14-00297 |

## OPINION

[Denying plaintiff's motion for judgment on the agency record and entering declaratory judgment on a claim adjudicated earlier in these proceedings]

Dated: August 1, 2016

*Donald B. Cameron*, Morris, Manning & Martin LLP, of Washington D.C., for plaintiff Fedmet Resources Corporation. With him on the brief were *Brady W. Mills*, *Julie C. Mendoza*, *R. Will Planert*, *Sarah S. Sprinkle*, and *Mary S. Hodgins*.

*Melissa M. Devine*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington D.C., for defendant United States. With her on the brief were *Amy M. Rubin*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, *Patricia M. McCarthy*, Assistant Director, *Jeanne E. Davidson*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General. Of counsel on the brief was *Paula S. Smith*, Senior Attorney, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

**Stanceu, Chief Judge:** Plaintiff Fedmet Resources Corporation ("Fedmet"), a U.S. importer, challenges an internal directive of U.S. Customs and Border Protection ("Customs" or "CBP") that targeted only Fedmet. Designated by Customs as a "user defined rule," or "UDR," the directive instructed Customs port directors on bonding to secure potential antidumping and countervailing duties on entries of a class of imported merchandise, magnesia carbon bricks ("MCBs"), entered by Fedmet during the period from September 6, 2014 to September 30, 2015.

Customs applied the UDR to require Fedmet to post 260.24% *ad valorem* single transaction bonds to obtain release of this merchandise into the commerce of the United States. The 260.24% *ad valorem* duty rate is the sum of the deposit rates Customs applied under an antidumping duty ("AD") order (236%) and a countervailing duty ("CVD") order (24.24%) on imported MCBs from the People's Republic of China ("China" or the "PRC"). Customs based the UDR on an investigation of Fedmet for alleged importation of Chinese-origin magnesia carbon bricks using false declarations of Vietnamese origin.

In its prior opinion, *Fedmet Resources Corp. v. United States*, 39 CIT __, 77 F. Supp. 3d 1336 (2015) ("*Fedmet I*"), this court resolved two of the three claims in Fedmet's complaint. Before the court is Fedmet's Motion for Judgment on the Agency Record on the remaining claim, in which Fedmet seeks a judgment declaring the UDR unlawful. Because the UDR expired according to its own terms soon after the briefing was completed on Fedmet's motion and because there are no remaining entries upon which the UDR can be applied, the court concludes that plaintiff's claim challenging the UDR is moot and denies the motion for judgment on the agency record.

Also before the court are the parties' responses to the court's inquiry concerning a remedy on one of the claims in this case, on which Fedmet obtained a favorable court ruling. The court will enter a declaratory judgment on this claim.

## I. BACKGROUND

The court's opinion in *Fedmet I*, 39 CIT at __, 77 F. Supp. 3d at 1338-39, presents background information on this case, which is summarized briefly and supplemented herein with developments since the issuance of that opinion.

A.  Administrative Proceedings before U.S. Customs and Border Protection

Customs issued the UDR, "UDR 1057274," on September 6, 2014, in response to information provided to Customs by an agent of Immigration and Customs Enforcement ("ICE") concerning an ongoing criminal investigation of Fedmet.  *See id.*, 39 CIT at __, 77 F. Supp. 3d at 1346.

On October 21, 2014, Fedmet made two consumption entries of MCBs from Vietnam at the port of Cleveland (Entry Nos. 336-3104829-0 and 336-3104919-9).  *See* Second Am. Compl. ¶ 17 (Jan 15, 2015), ECF Nos. 45 (conf.), 46 (public); *Entry Documents for Entry No. 336-3104829-0* (Dec. 10, 2014), (Admin.R.Doc. No 3) ECF No. 30-4 (conf.); *Entry Documents for Entry No. 336-3104919-9* (Dec. 10, 2014), (Admin.R.Doc. No. 4) ECF No. 30-5 (conf.).[1]  On November 6, 2014, Customs issued to Fedmet an "Entry/Rejection Notice" for the two October 21, 2014 entries, stating that "[t]he country of origin for magnesia carbon brick is believed to be China" and requiring for release the posting of a 260.24% single transaction bond for each entry.  *See Entry/Summary Rejection Sheet for Entry No. 336-3104829-0* (Dec. 10, 2014), (Admin.R.Doc. No. 1) ECF No. 30-2 (conf.); *Entry/Summary Rejection Sheet for Entry No. 336-3104919-9* (Dec. 10, 2014), (Admin.R.Doc. No. 2) ECF No. 30-3 (conf.).  After Fedmet submitted the required single transaction bonds for these two entries, Customs released the merchandise into commerce.  *See* Second Am. Compl. ¶ 20; *Jan. 21, 2015 Decl. of Edward Wachovec*, *Supervisory Import Specialist at the Port of Cleveland* ¶ 2 (Jan. 28, 2015), ECF No. 47-1.

Fedmet made a third consumption entry of MCBs from Vietnam at the port of Cleveland on December 2, 2014 (Entry No. 336-3105573-3).  Second Am. Compl. ¶ 21.  On

---

[1] Administrative record citations are to the Cleveland administrative record.

December 30, 2014, Customs issued an Entry/Rejection Notice for the December 2, 2014 entry, informing Fedmet that the shipment would not be released unless Fedmet submitted a single transaction bond in an amount calculated at 260.24% of the entered value.  *See id.* ¶ 23; *Entry/Summary Rejection Sheet for Entry No. 336-3105573-3* (Jan. 23, 2015), (Admin.R.Doc. No. 15) ECF No. 47-2 (conf.).  Fedmet has not submitted a 260.24% single transaction bond on the December 2, 2014 entry, and the merchandise covered by that entry has not been released.

### B.  Proceedings before the Court of International Trade

Plaintiff commenced this action by filing a summons and a complaint on November 12, 2014, and a second amended complaint on January 9, 2015, which the court deemed filed on January 15, 2015.  Summons, ECF No. 1; Compl., ECF No. 5; Second Am. Compl.  Plaintiff's second amended complaint pled three claims (referred to herein as Counts I, II, and III).  *See* Second Am. Compl.

In Count I, Fedmet claimed that the MCBs on the October 21, 2014 entries were products of Vietnam and that CBP's 260.24% bonding requirement therefore was unlawful.  *Id.* ¶ 25.  In Count II, Fedmet claimed that Customs acted unlawfully in imposing the same bonding requirement upon the merchandise of the December 2, 2014 entry, alleging that this merchandise, too, was a product of Vietnam.  *Id.* ¶ 27.  In Count III, Fedmet claimed that Customs acted unlawfully in applying the UDR to all of its entries of MCBs from Vietnam.  *Id.* ¶ 29.

Defendant filed a Motion to Dismiss Counts I and III of the second amended complaint on January 23, 2015.  Def.'s Mot. to Dismiss Counts I & III of Pl.'s Second Am. Compl., ECF Nos. 49 (conf.), 50 (public).  On Count II, plaintiff moved for partial judgment on the agency

record pursuant to USCIT Rule 56.1.  Mot. of Pl. Fedmet Res. Corp. for Partial J. upon the Agency R. (Feb. 4, 2015), ECF Nos. 55 (conf.), 56 (public).

In its opinion in *Fedmet I*, this court granted defendant's motion to dismiss with respect to Count I and denied it with respect to Count III. *Fedmet I*, 39 CIT at __, 77 F. Supp. 3d at 1340-43.  The court granted Fedmet's Motion for Judgment on the Agency Record with regard to Count II of the second amended complaint.  *Id.*, 39 CIT at __, 77 F. Supp. 3d at 1343-50.  The court also ordered additional briefing regarding the form of remedy to be granted to Fedmet upon the claim stated in Count II.  *Id.*, 39 CIT at __, 77 F. Supp. 3d at 1350.

On July 28, 2015, following issuance of the court's opinion in *Fedmet I*, Fedmet moved for judgment on the agency record pursuant to USCIT Rule 56.1 with regard to the remaining count, Count III, of the second amended complaint.  Mot. of Pl. Fedmet Res. Corp. for J. upon the Agency R. and Mem. of Law in Supp., ECF Nos. 80 (conf.), 81 (public) ("Pl.'s Br.").  Defendant filed a response on August 24, 2015.  Def.'s Resp. in Opp'n to Pl.'s Mot. for J. upon the Admin. R., ECF No. 82 ("Def.'s Opp'n").  Plaintiff filed a reply brief on September 2, 2015.  Reply Br. of Pl. Fedmet Res. Corp., ECF No. 83 ("Pl.'s Reply").

## II. Discussion

### A. Plaintiff's Motion for Judgment on the Agency Record on Count III of Fedmet's Second Amended Complaint

Plaintiff moves for judgment on the agency record on Count III of the second amended complaint, in which Fedmet challenges as unlawful the UDR, which it describes as a "final determination . . . that all entries of MCBs from Vietnam by Fedmet will be required to be entered with STBs [single transaction bonds] at the 260.24 percent rate applicable to imports of MCBs from China."  Second Am. Compl. ¶ 29.  Fedmet argues that the UDR is arbitrary and capricious because the administrative record contains no evidence that the magnesia carbon

bricks Fedmet seeks to import from Vietnam are in fact of Chinese origin. Pl.'s Br. 13. It argues, further, that it was arbitrary and capricious for Customs to fail to address the record evidence it submitted that the origin of this merchandise actually is Vietnam. *Id.* at 14-16. Finally, Fedmet maintains that the UDR imposes an unreasonable and punitive burden on Fedmet. *Id.* at 16-19.

The parties completed their briefing on Fedmet's motion for judgment on the agency record on September 2, 2015. The UDR contested in Count III and in Fedmet's motion was created on September 6, 2014 and applied to entries by Fedmet that occurred on or before September 30, 2015. *See UDR Report* (Dec. 10, 2014), (Admin.R.Doc. No. 13) ECF No. 30-14 (stating "Start Date 9/6/2014" and "End Date 9/30/2015"). Neither party addressed in its briefing the jurisdictional issue posed by the then-imminent expiration of the UDR at issue in this case. Now that the scheduled expiration has occurred, the issue presented is whether the court is required to dismiss as moot Fedmet's claim contesting the UDR. Even though no party has raised this issue, the court must consider it *sua sponte* because it is jurisdictional in nature. *See St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978).

The jurisdiction of federal courts is limited by the Constitution to those cases involving actual cases or controversies. *See* U.S. CONST. art. III, § 2, cl. 1; *Flast v. Cohen*, 392 U.S. 83, 94 (1968). A cause of action becomes moot, and therefore outside of a court's jurisdiction, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496-97 (1969) (citing E. BORCHARD, DECLARATORY JUDGMENTS 35-37 (2d ed. 1941)).

Plaintiff's judicial challenge to the UDR is moot. Customs created the UDR on September 6, 2014; the UDR expired on September 30, 2015. *See UDR Report*. By its own

terms, the UDR is inapplicable to future entries of merchandise. Moreover, no new issues can arise from entries of MCBs by Fedmet that were made prior to the expiration of the UDR. The record indicates that Fedmet made only three consumption entries of MCBs from Vietnam at the port of Cleveland during the time that the UDR was in effect, and the parties' submissions indicate nothing to the contrary. Two of the entries were made on October 21, 2014, and the remaining one was made on December 2, 2014. The court resolved Fedmet's claims regarding these entries in *Fedmet I*. *See Fedmet I*, 39 CIT at __, 77 F. Supp. 3d at 1340-50. Nothing in the pleadings, Fedmet's motion, or the administrative record demonstrates that any other entries occurred that potentially could be subject to the UDR.

While it can be argued that the issues raised by the UDR may occur again should Customs issue or apply a similar rule in the future, a judicial challenge arising out of that future rule could be brought only through a new cause of action. In the instant action, any conclusion the court could reach on the issue of whether Customs lawfully issued the now-expired UDR could be only an advisory opinion. *See Chafin v. Chafin*, 568 U.S. __, __, 133 S.Ct. 1017, 1023 (2013) ("Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'") (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). The court, therefore, must dismiss on mootness grounds Fedmet's claim challenging the UDR and deny the motion for judgment on the agency record.

### B.  Appropriate Form of Relief Concerning Count II

In *Fedmet I*, the court granted plaintiff's Motion for Judgment on the Agency Record on Count II of the second amended complaint, holding unlawful Customs' decision to impose a bonding requirement on Fedmet's Entry No. 336-3105573-3. *Fedmet I*, 39 CIT at __,

**Court No. 14-00297** Page 8

77 F. Supp. 3d at 1350. As relief on the claim in Count II, plaintiff sought "an order that not only holds unlawful the contested decision but also orders Customs 'to admit the entry into the United States without the posting of an STB or other security' for payment of antidumping and countervailing duties." *Id.* At oral argument, the court inquired of defendant whether, should the court set aside the contested decision to require a 260.24% bond on Entry No. 336-3105573-3, Customs promptly would release the merchandise. *See* Conf. Oral Arg. Tr. 66: 8-14 (May 5, 2015), ECF No. 70 (conf.). Because defendant was unable to provide the court and plaintiff an answer to that question at oral argument, the court could not determine whether the second form of requested relief, an order to admit the entry without the posting of a single transaction bond or other security, was necessary. *See Fedmet I*, 39 CIT at __, 77 F. Supp. 3d at 1350. Accordingly, the court ordered the parties to brief the court "concerning the form of remedy to be granted upon the claim stated in Count II of the second amended complaint." *Id.*

Defendant, in responding to plaintiff's current motion for judgment on the agency record, did not respond to the court's request for additional briefing concerning whether, once the court sets aside the contested decision to require a 260.24% bond on Entry No. 336-3105573-3, Customs would act promptly to release the merchandise at issue. *See* Def.'s Opp'n 25-26. Instead, defendant devotes the entirety of its argument regarding the appropriate form of relief on the claim in Count II to a recitation of the reasons why it believes plaintiff is not entitled to an injunction. *See id.*

Plaintiff also fails to respond in its briefing to the court's request as to the form of remedy that is appropriate on Count II. *See* Pl.'s Br. 19; Pl.'s Reply 10-11. However, plaintiff states in its reply brief that "[a]lthough Fedmet's complaint includes a permanent injunction among the relief requested, Fedmet has not moved for such an injunction at this time." Pl.'s Reply 10. The

court interprets this statement to mean that Fedmet is not now seeking permanent injunctive relief.

The court issued in *Fedmet I* an order declaring unlawful CBP's decision to require a 260.24% bond on Entry No. 336-3105573-3. Plaintiff has not made a showing that relief in the form of an affirmative injunction directing Customs to admit the merchandise on the entry without the posting of a single transaction bond or other additional security is necessary or appropriate. Therefore, in accordance with *Fedmet I*, the court grants plaintiff declaratory relief on Count II of the second amended complaint.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the claim in Count III of plaintiff's second amended complaint is moot and denies plaintiff's Motion for Judgment on the Agency Record. Plaintiff is entitled to declaratory relief on its claim set forth as Count II of the second amended complaint. Judgment will enter accordingly.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated: August 1, 2016
      New York, NY